Nathan M. Olsen, Esq., ISB # 7373
PETERSEN MOSS HALL & OLSEN
485 "E" Street
Idaho Falls, Idaho 83402
Telephone: (208) 523-4650
Facsimile: (208) 524-3391
E-mail: nolsen@pmholaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZACKERY TRENT THURSTON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ADA COUNTY, an Idaho county; and CANYON COUNTY, an Idaho county.<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT** |

Plaintiff, Zackery Trent Thurston, for cause of action against the above-named Defendants alleges as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff, Zackery Trent Thurston (Thurston), is currently incarcerated at the Idaho Department of Corrections, Nampa Community Reentry Center, Nampa, Idaho.

2. Jurisdiction and venue are appropriate in the United States District Court for the State Idaho, as a federal question under 28 USC § 1331.

COMPLAINT - 1

3. Ada County is a county organized and formed under the laws of the State of Idaho.

4. Canyon County is a county organized and formed under the laws of the State of Idaho.

## GENERAL ALLEGATIONS

5. On February 1, 2019, Thurston was arrested at his residence in Canyon County for a DUI charge. He remained in custody in Canyon County jail.

6. Thurston was arraigned in Canyon County on February 4, 2019, before magistrate court and without an attorney present despite Thurston's request. The Canyon County court set his bond at $500,000. Thurston therefore could not post bail and remain incarcerated.

7. On February 7, 2019, while incarcerated in Canyon County jail, Thurston was served with an Agent's Warrant for suspected violation of the terms of his probation from a 2015 DUI conviction in Ada County. The Agent's Warrant was based upon a "Report of Probation Violation" prepared by parole officer Vincent Rodriguez. Mr. Rodriguez had never met or interviewed Thurston. The Report also incorrectly requested an Agent's Warrant for a "Travis Jack Hopkins."

8. On February 8, 2019, Thurston was arraigned in Canyon County on the Agent's Warrant out of Ada County for the alleged 2015 DUI probation violation. A bond was set by the Canyon County magistrate for $100,000, with the condition that Thurston voluntarily appear at the Ada County court.

9. When Thurston was finally assigned counsel, he filed a motion for bond reduction on the Canyon County charge. On February 15, 2019, the Canyon County court reduced bail to $100,000 on the Canyon County charge.

COMPLAINT - 2

10. On February 15, 2019, Thurston posted $100,000 bonds for both the Canyon County and Ada County charges, at a cost of $16,438 to Thurston.

11. Ada County had received the bond from Canyon County for the Ada County charge on February 22, 2019.

12. On February 27, 2019, the Ada County prosecutor inexplicably filed a Motion for Bench Warrant on the Ada County probation violation charge. Again, Thurston had already been served an Agent's Warrant, had appeared and posted bond on that charge.

13. On March 1, 2019, Thurston provided the Ada County clerk the copy of the Agent's Warrant served on him in Canyon County as well as the proof of bond posted.  Upon obtaining this information, the Ada County clerk quashed the February 22, 2019, Bench Warrant because she was now aware of the Agent's Warrant and the bond that had been received from Canyon County.  The clerk also initially set a hearing for Thurston in the afternoon of March 1st, 2019, to be advised of his rights and have an opportunity to be appointed counsel for the Ada County charge.  However, the clerk vacated that hearing, under the assumption that had already occurred in Canyon County.  The clerk instead set an arraignment hearing on March 4, 2019, before the Ada County court.

14. On March 4, 2019, the Ada County court posted a proof of service for the Agent's Warrant that had been served on Thurston in Canyon County, as well as Canyon County's court minutes documenting that occurrence.

15. Thurston appeared at the arraignment set in Ada County on March 4, 2019, without an appointed attorney.  At the hearing, Thurston advised the Court that he had already posted bond and should therefore be released.  The Court's response to Thurston was that "Canyon

County didn't have jurisdiction to issue the bond." The Court then revoked the bond, would not set a bond, therefore keeping Thurston incarcerated.

16. Thurston therefore lost the $16,438 in costs that he incurred from the revoked bond.

17. Thurston also remained incarcerated all through the time period prior to his sentencing on February 24, 2020.

18. As a result of his incarceration, Thurston lost his employment as a heavy equipment operator making approximately $90,000 a year. He also lost custody of his nine-year old son. Additionally, Thurston's mother has Stage 4 metastatic terminal cancer. His incarceration prevents him from spending time with his mother and assist in her care.

19. Due to a number of continuing problems and confusion between Ada County and Canyon County and the ensuing delays all during which Thurston remained incarcerated at either the Ada County or Canyon County jails, Thurston felt that his only choice was to accept a plea on the Canyon County charge, which also meant that his parole would be revoked per the Ada County parole violation charge.

20. On December 3, 2019, Thurston entered into a plea agreement on the Canyon County DUI charge. A judgment of conviction was entered on February 11, 2020, for a 1.5 year fixed sentence and 8.5 indeterminate sentence.

21. The judgment of conviction only gave Thurston credit for fifteen days served, even though he had by that time been incarcerated for a total of 358 days.

22. On February 28, 2019, pursuant to the Ada County PV charge, Thurston's suspended 2015 sentence was revoked, and he was required to serve the remaining two years of the determinate sentence imposed in the 2015 conviction.

23. Had Thurston been given credit for time served on the Canyon County DUI conviction as required by law, he would have been eligible for parole on January 1, 2021. Instead, the earliest date he is eligible for parole is July 27th, 2021.

24. In total, Thurston has or will have to serve nearly 1½ years of unlawful incarceration due to the Defendants' actions. As a result, Thurston has been deprived of his well-paying employment, time with and custody of his child, and critical time with his mother who has terminal cancer. He has also been unable to enjoy the tangible benefits that come from freedom. Additionally, Thurston has unnecessarily been exposed to COVID-19 due to the conditions at the jail, and in fact contracted the disease. He has also suffered severe emotional distress, depression and anxiety.

25. The wrongful incarceration also impacted Thurston's ability to defend against the State's charges against him, including a lack of resources to obtain competent counsel for his defense. Additionally, due to the delays and confusion caused by the defendants, Thurston was compelled to accept a plea rather than defend against the charges.

26. Throughout the period of his incarceration, Thurston made numerous attempts to bring the wrongs and errors of the defendants to the attention of the courts and administrative bodies to obtain relief, but to no avail.

## CAUSES OF ACTION

### Count I – Deprivation of Property – Ada County

27. This action arises under the United States Constitution and under federal law, particularly 42 USC § 1983.

28. Thurston is a citizen of the United States, afforded certain protections of rights under the United States Constitution and federal law.

29. The revocation of Thurston's bond by Ada County constituted a violation of Idaho laws protecting Thurston's rights against an excessive bail under the 8th Amendment to the U.S. Constitution.

30. Ada County's violation of Thurston's 8th Amendment rights resulted in the deprivation of property without compensation or due process under 5th Amendment to the U.S. Constitution, including the $16,438 lost as a result of the unlawfully revoked bond.

31. Thurston is entitled to a full recovery of the property taken from him for Ada County's unlawful and unconstitutional conduct plus statutory interest and any other applicable penalties.

**Count II – Deprivation of Liberty – Ada County**

32. All previous allegations are restated and incorporated herein.

33. This action arises under the United States Constitution and under federal law, particularly 42 USC § 1983.

34. Thurston is a citizen of the United States, afforded certain protections of rights under the United States Constitution and federal law.

35. The revocation of Thurston's bond by Ada County constituted a violation of Idaho laws protecting Thurston's rights against an excessive bail under the 8th Amendment to the U.S. Constitution.

36. As a result of Ada County's violation of Thurston's 8th Amendment rights, Thurston was derived of his liberty and freedoms afforded to him under the 5th Amendment to the U.S. Constitution.

COMPLAINT - 6

37. The unlawful deprivation of his liberty caused Thurston substantial harm, including a loss of a year's wages, time and custody with his child, among numerous other injuries resulting from his loss of freedom and his incarceration.

38. Thurston is entitled to compensation and damages for the injuries to his rights caused by Ada County.

**Count III – Deprivation of Liberty – Canyon County**

39. All previous allegations are restated and incorporated herein.

40. This action arises under the United States Constitution and under federal law, particularly 42 USC § 1983.

41. Thurston is a citizen of the United States, afforded certain protections of rights under the United States Constitution and federal law.

42. By failing to give credit for time served, Canyon County violated I.C. § 18-309, resulting in a deprivation of Thurston's liberty protected under the 5th Amendment to the U.S. Constitution.

43. Canyon County's violation of Thurston's 5th Amendment rights to liberty has resulted in substantial harm to Thurston, including lost wages, time with his son and his ailing mother, among numerous other injuries resulting from his loss of freedom and his incarceration.

44. Thurston is entitled to compensation and damages for the injuries to his rights caused by Canyon County.

**Count IV – Right to Counsel – Ada County and Canyon County**

45. All previous allegations are restated and incorporated herein.

46. This action arises under the United States Constitution and under federal law, particularly 42 USC § 1983.

47. Thurston is a citizen of the United States, afforded certain protections of rights under the United States Constitution and federal law.

48. By depriving Thurston the assistance of an attorney at critical moments in his case, defendants violated Thurston's 6th Amendment U.S. Constitutional right to the Assistance of Counsel.

49. The defendants' violation of Thurston's 6th Amendment rights resulted in a deprivation of his property and liberty and freedoms afforded to him under the 5th Amendment to the U.S. Constitution.

50. Defendants' Constitutional violations have resulted in substantial harm to Thurston, including lost wages, time with his son and his ailing mother, among numerous other injuries resulting from his loss of freedom and his incarceration.

51. Thurston is entitled to compensation and damages for the injuries to his rights caused by defendants.

WHEREFORE, Plaintiff prays for the following judgment and relief against the Defendants as follows:

1. An award of monetary damages for defendants' wrongful and unconstitutional conduct.
2. An award of his attorney fees and costs under any and all applicable statutes and rules.
3. Any other legal or equitable relief as determined appropriate by the Court.

PLAINTIFF DEMANDS A JURY TRIAL FOR ALL ISSUES TRIABLE BY A JURY

DATED this 4th day of March, 2021.

                                PETERSEN MOSS HALL & OLSEN

                                /s Nathan M. Olsen
                                Nathan M. Olsen

COMPLAINT - 9